# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 13-068V
### Filed: September 15, 2014
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LORI SIMPSON, | \* | |
| | \* | |
| Petitioner, | \* | Decision on Damages based on Proffer; |
| v. | \* | Influenza; Shoulder Injury Related to |
| | \* | Vaccine Administration ["SIRVA"] |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John C. Theisen, Esq.,* Theisen, Bowers & Associates, Fort Wayne, IN for petitioner.
*Lynn Ricciardella, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.


## DECISION ON DAMAGES[1]

**Gowen**, Special Master:

On January 28, 2013, Lori Simpson ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. The petition alleges that petitioner received the influenza vaccine on December 18, 2010, and thereafter suffered a shoulder injury which was caused-in-fact by the influenza vaccine. Petition at 1, 14. On May 8, 2013, respondent filed her Rule 4(c) report ["Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case. Respondent's Report at 1. Special Master Vowell issued a Ruling on Entitlement on May 9, 2013. I was reassigned this case on March 6, 2014.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On August 29, 2014, respondent filed a proffer on award of compensation, which indicated that petitioner agreed to the compensation amount.  Additionally, petitioner's counsel was contacted by my chambers on September 2, 2014, and he subsequently confirmed on September 15, 2014, petitioner's agreement with the proposed compensation amount contained within the filed Proffer.  Pursuant to the terms stated in the attached Proffer, **I award petitioner:**

1. **A lump sum payment of $163,991.73 in the form of a check payable to petitioner, Lori Simpson,** representing compensation for life care expenses expected to be incurred during the first year after judgment ($19,747.06), lost earnings ($581.76), pain and suffering ($140,272.93), and past unreimbursable expenses ($3,389.98).

2. An amount sufficient to purchase an annuity contract described in Section II.B of the attached Proffer.

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| LORI SIMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 13-068V |
| ) | Special Master Gowan |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.**    **Items of Compensation**

   A.    Life Care Items

   Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and

petitioner engaged Dr. Carol A. White, RN, ANPC, GNPC, CNCLP, to provide an estimation of

Lori Simpson's future vaccine-injury related needs.  For the purposes of this proffer, the term

"vaccine related" is as described in the respondent's Rule 4(c) Report filed May 8, 2013.  All

items of compensation identified in the life care plan are supported by the evidence, and are

illustrated by the chart entitled Appendix A: Items of Compensation for Lori Simpson, attached

hereto as Tab A.[1]  Respondent proffers that Lori Simpson should be awarded all items of

compensation set forth in the life care plan and illustrated by the chart attached at Tab A.

Petitioner agrees.

---

   [1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years
run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the
anniversary of the date of judgment.

B.      Lost Earnings

The parties agree that based upon the evidence of record, Lori Simpson has suffered a past loss of earnings.  Therefore, respondent proffers that Lori Simpson should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Lori Simpson's lost earnings is $581.76.  Petitioner agrees.

C.      Pain and Suffering

Respondent proffers that Lori Simpson should be awarded $140,272.93 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents Lori Simpson's expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,389.98.  Petitioner agrees.

II.     **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $163,991.73, representing compensation for life care expenses expected to be incurred during the first year after judgment ($19,747.06), lost earnings

_____

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

($581.76), pain and suffering ($140,272.93), and past unreimbursable expenses ($3,389.98), in the form of a check payable to petitioner, Lori Simpson.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Lori Simpson, only so long as she is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.     Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life

---

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

       a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

       b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

       c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

       d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

  2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Lori Simpson, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Lori Simpson's death.

  3. <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.** **<u>Summary of Recommended Payments Following Judgment</u>**

  A. Lump Sum paid to petitioner, Lori Simpson:  **$163,991.73**
  B. An amount sufficient to purchase the annuity contract described
    above in section II. B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program (con't) System of Records, No. 09-15-0056.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

Linda S. Renzi
Senior Trial Counsel
Torts Branch, Civil Division

s/ Lynn E. Ricciardella
Lynn E. Ricciardella
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4356

Dated: August 29, 2014.

**TAB A**

**Appendix A:  Items of Compensation for Lori Simpson**                    Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-3 | Compensation Years 4-5 | Compensation Years 6-20 | Compensation Years 21-Life |
|---|---|---|---|---|---|---|---|---|
| | | | | 2014 | 2015-2016 | 2017-2018 | 2019-2033 | 2034-Life |
| BCBS Deductible | 5% | | | 350.00 | 350.00 | 350.00 | 350.00 | |
| Medicare Part A Deductible | 5% | | | | | | | 1,216.00 |
| Medicare Part B Deductible | 5% | | | | | | | 147.00 |
| Medicare Part D | 5% | | M | | | | | 1,554.01 |
| Orthopedics | 5% | * | | 90.00 | 90.00 | 90.00 | | |
| Pain Mngt | 5% | * | | 270.00 | 120.00 | 60.00 | 60.00 | 61.20 |
| MRI Right Shoulder | 5% | * | | 319.20 | | | | |
| MRI Interp. | 5% | * | | 59.40 | | | | |
| X-ray of Right Shoulder | 5% | * | | 68.85 | | | | |
| X-ray Interp. | 5% | * | | 25.20 | | | | |
| Lunesta | 5% | * | M | 1,554.84 | 1,554.84 | 1,554.84 | 1,554.84 | |
| Robaxin | 5% | * | M | 32.76 | 32.76 | 32.76 | 32.76 | |
| Flexeril | 5% | * | M | 8.76 | 8.76 | 8.76 | 8.76 | |
| Prednisone Inj | 5% | * | | 90.00 | 90.00 | 90.00 | | |
| Transdermal Medication Cream | 5% | | M | 10,494.00 | 10,494.00 | | | |
| Ultram | 5% | * | M | 21.60 | 21.60 | 21.60 | 21.60 | |
| OT Eval | 4% | * | | 30.00 | | | | |
| OT | 4% | * | | 720.00 | | | | |
| Psychotherapy | 4% | * | | 720.00 | | | | |
| Hand Held Shower | 4% | | | 25.10 | 5.02 | 5.02 | 5.02 | 5.02 |
| Long Handled Bath Sponge | 4% | | | 4.69 | 4.69 | 4.69 | 4.69 | 4.69 |
| Bed | 4% | | | 649.98 | 43.33 | 43.33 | 43.33 | 43.33 |
| TENS | 4% | | | 129.00 | 25.80 | 25.80 | 25.80 | 25.80 |
| Batteries for TENS | 4% | | | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 |
| Mowing Service | 4% | | | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 |
| Snow Removal | 4% | | | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 |
| Housekeeping | 4% | | M | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 |
| Physician Charge for Scope | 5% | * | | 291.60 | | | | |
| Anesthesia for Scope | 5% | * | | 112.63 | | | | |
| Facility Charge for Scope | 5% | * | | 300.00 | | | | |
| Shoulder Scope | 5% | * | | 627.45 | | | | |
| Lost Earnings | | | | 581.76 | | | | |
| Pain and Suffering | | | | 140,272.93 | | | | |
| Past Unreimbursable Expenses | | | | 3,389.98 | | | | |
| Annual Totals | | | | 163,991.73 | 15,592.80 | 5,038.80 | 4,858.80 | 5,809.05 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life expenses ($19,747.06), lost earnings ($581.76), pain and suffering ($140,272.93), and past unreimbursable expenses ($3,389.98): $163,991.73.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments summing to the annual amount indicated.